

**CT Corporation**
Service of Process Notification
01/24/2025
CT Log Number 548256308

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL<br>Walmart Inc.<br>GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200<br>BENTONVILLE, AR 72712-3148 |
| **RE:** | Process Served in Texas |
| **FOR:** | Wal-Mart Stores Texas, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: VASQUEZ REINA // To: Wal-Mart Stores Texas, LLC |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition, Certificate |
| **COURT/AGENCY:** | 127th Judicial District Court of Harris County, Texas, TX<br>Case # 202503133 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 01/29/2023 - 3450 FM 1960 Rd. W., Houston TX 77068 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/24/2025 at 14:36 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days |
| **ATTORNEY(S)/SENDER(S):** | Alexander M. Menchaca<br>KGS LAW PLLC<br>150 W Parker Rd, Suite 705-B<br>Houston, TX 77076<br>281-962-7772 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/25/2025, Expected Purge Date: 01/30/2025<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



**CT Corporation**
**Service of Process Notification**
01/24/2025
CT Log Number 548256308

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

Date: Fri, Jan 24, 2025
Server Name: Tracy Edwards

| Entity Served | WAL-MART STORES TEXAS LLC |
|---|---|
| Case Number | 2025-03133 |
| Jurisdiction | TX |

| Inserts |
|---|
| | | |



```
                                            Receipt Number: 1012993
                                            Tracking Number: 74427873
EML
COPY OF PLEADING PROVIDED BY PLT
```

CAUSE NUMBER: 202503133

| | |
|---|---|
| PLAINTIFF: VASQUEZ, REINA | In the 127th Judicial |
| vs. | District Court of |
| DEFENDANT: WALMART INC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: WAL-MART STORES TEXAS LLC (A FOREIGN LIMITED LIABILITY COMPANY) MAY BE SERVED WITH PROCESS BY SERVING THEIR REGISTERED AGENT CT CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201-3136

OR WHEREVER IT MAY BE FOUND

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.
This instrument was filed on January 15, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this January 16, 2025.



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002


Generated By: JOSHUA HALL

Issued at request of:
GARCIA, ABRAHAM
150 W. PARKER RD, SUITE 705-B
HOUSTON, TX 77076
281-962-7772
Bar Number: 24078005

```
                                           Tracking Number: 74427873
                                                                 EML


                    CAUSE NUMBER: 202503133
```

| | |
|---|---|
| PLAINTIFF: VASQUEZ, REINA | In the 127th |
| vs. | Judicial District Court |
| DEFENDANT: WALMART INC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____                        _____
                                           _____ of _____
County, Texas
_____     By:    _____
          Affiant                                         Deputy

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____

                                           _____
                                                         Notary Public

Case 4:25-cv-00763   Document 1-2   Filed on 02/21/25 in TXSD   Page 6 of 11

1/15/2025 4:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 96275146
By: Joshua Hall
Filed: 1/15/2025 4:48 PM

# 2025-03133 / Court: 127

CAUSE NO. _____

| | | |
|---|---|---|
| **REINA VASQUEZ** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| | § | |
| vs. | § | ____ **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **WALMART INC. and WAL-MART** | § | |
| **STORES TEXAS LLC** | § | **HARRIS COUNTY, TEXAS** |
| *Defendants* | | |

## PLAINTIFF'S ORIGINAL PETITION

**COMES NOW**, REINA VASQUEZ, hereinafter called Plaintiff, complaining of and about WALMART INC. and WAL-MART STORES TEXAS LLC, hereinafter called Defendants, and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.      Pursuant to Texas Rule of Civil Procedure 190.1, discovery level II. Plaintiff affirmatively plead that this case is, on its facts, not appropriate for prosecution under the expedited actions process under Texas Rule of Civil Procedure 169.

### II. PARTIES AND SERVICE

2.      Plaintiff, REINA VASQUEZ, is an individual residing in Harris County, Texas and may be contacted through her counsel of record.

3.      Defendant, WALMART INC., is a foreign for-profit corporation and may be served with process with their registered agent, CT CORPORATION SYSTEMS: 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 or wherever it may be found.

4.      Defendant, WALMART STORES TEXAS, LLC, is a foreign limited liability company and may be served with process with their registered agent, CT CORPORATION SYSTEM: 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 or wherever it may be found.

5. To the extent that the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure and Plaintiff hereby demand that upon answering this lawsuit, that it answer in its correct legal name and assumed name.

### III. JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. This court has jurisdiction over Defendants because they are Texas entities.

8. Venue is proper in Harris County, Texas; pursuant to Section 15.002 (s) (1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions occurred in this county.

### IV. MISNOMER/ALTER EGO

9. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### V. FACTS

10. On or about January 29, 2023, Plaintiff was an invitee on Defendants' premises located at 3450 FM 1960 Rd. W., Houston, Texas 77068. While exercising reasonable care for Plaintiff's own safety and the safety of others, Plaintiff suffered injuries as a direct result of an unreasonably dangerous condition on Defendants' premises. The incident occurred when Plaintiff slipped on a slippery substance and suffered bodily injuries. Defendants had actual and/or constructive knowledge of the unreasonably dangerous condition that caused Plaintiff's injuries. Defendants failed to use ordinary care to protect invitees from danger by failing to adequately

2

warn Plaintiff of or make safe the dangerous condition. As the possessor of the premises, Defendants were in the best position to eliminate and/or warn of the unreasonably dangerous condition. Defendants' failure to use reasonable care to protect Plaintiff from the dangerous condition proximately caused Plaintiff's injuries.

## VI. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANTS

11. At the time of the accident, Defendants negligently failed to maintain their premises in a safe and reasonable manner. Defendants had a duty to exercise ordinary care and reasonably and prudently maintain their premises safe for all people on the property. Defendants breached that duty in one or more way, each of which singularly or in combination with others was the proximate cause of the occurrence in question.

12. In addition, Defendants do not have in place policies or procedures that require, instruct, or direct its employees in making the premises reasonably safe. If such policies or procedures exist, then Defendants failed to enforce them. Defendants failed to train their employees in making the premises safe. And Defendants further failed to properly and adequately supervise and oversee its premises so as to prevent occurrences such as this one.

## VII. PLAINTIFF'S CLAIM OF PREMISES LIABILITY AGAINST DEFENDANTS

13. The Defendants had a duty to exercise the ordinary care of a premises operator and landlord to business invitees, i.e., the Plaintiff. The Defendants failed to make their premises safe for everyone entering the premises, including guests, invitees, and patrons. Defendants had actual and/or constructive knowledge of this condition and failed to make safe or warn Plaintiff of the dangerous condition posed on Defendants' floor. This condition was not open or obvious, and Defendants were in the best position to make the condition safe.

3

## VIII. DAMAGES FOR PLAINTIFF

14. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff REINA VASQUEZ, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of over $250,000.00 but not more than $1,000,000.00:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, REINA VASQUEZ, for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

   B. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Physical pain and suffering in the future;

   E. Physical impairment sustained in the past;

   F. Physical impairment sustained in the future;

   G. Loss of earnings in the past;

   H. Loss of earning capacity which will, in all probability, be incurred in the future;

   I. Mental anguish in the past; and

   J. Mental anguish in the future.

## IX. REQUIRED DISCLOSURE

15. Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

4

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, REINA VASQUEZ, respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

**KGS LAW, PLLC**

By: /s/ *Alexander M. Menchaca*
Brandon A. Kinard
State Bar No. 24079744
Abraham Garcia
State Bar No. 24078005
Carlos A. Saldaña
State Bar No. 24086403
Alexander M. Menchaca
State Bar No. 24109546
150 W Parker Rd, Suite 705-B
Houston, Texas 77076
Telephone No. (281) 962-7772
Facsimile No. (281) 962-7773
E-Service and Correspondence Email:
service@kgslawpllc.com
**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

BRANDON KINARD on behalf of ABRAHAM GARCIA
Bar No. 24078005
service@kgslawpllc.com
Envelope ID: 96275146
Filing Code Description: Petition
Filing Description: Petition
Status as of 1/16/2025 8:02 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brandon Kinard | | service@kgslawpllc.com | 1/15/2025 4:48:24 PM | SENT |